IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER EMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: _____ |
| METRO ONE LOSS PREVENTION | ) | |
| SERVICES GROUP (GUARD | ) | |
| DIVISION) INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Christopher Emerson, and files this lawsuit against Defendant METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION) INC. (hereinafter "Metro One"), and shows the following:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, and other relief for Defendant's intentionally discriminatory employment practices under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq., ("ADA"), as

1

amended by the Americans with Disabilities Amendments Act of 2008.

3.

This action also seeks declaratory relief, liquidated and actual damages, and other relief for Defendant's intentionally discriminatory employment practices under the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* ("FMLA).

## JURISDICTION AND VENUE

4.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1343(a)(4).

5.

Defendant Metro One is a foreign corporation licensed to do business in Georgia.

6.

Defendant's registered agent is C T CORPORATION SYSTEM, 289 S Culver St, Lawrenceville, GA, 30046.  In accordance with 28 U.S.C. § 1391, 29 U.S.C. § 1132(e)(2), and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## PARTIES

7.

Plaintiff is a citizen of the State of Georgia, and is subject to the jurisdiction

of this Court.

8.

Defendant Metro One is a corporation qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

9.

Defendant Metro One may be served with process by delivering a copy of the summons and complaint to its attorney, Tiffany Taylor at Gordon & Rees Scully Mansukhani, 55 Ivan Allen Junior Boulevard Northwest, Suite 750, Atlanta, GA 30308.

## ADMINISTRATIVE PROCEDURES

10.

Plaintiff timely filed a charge of discrimination on February 15, 2021 against Defendant Metro One with the Equal Employment Opportunity Commission ("EEOC") numbered 410-2021-02652.

11.

The EEOC issued a "Notice of Right to Sue" on August 25, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice on charge number 410-2021-02652.

12.

This action was commenced within ninety (90) days of receipt of the "Notice of Right to Sue" for charge number 410-2021-02652.

## FACTUAL ALLEGATIONS

13.

Defendant Metro One is now, and at all times relevant hereto, has been, in an industry affecting commerce and has employed more than the requisite number of employees for the requisite duration within the meaning of 42 U.S. Code § 12111(5)(a) and 29 U.S. Code § 2611(4)(A)(1) respectively.

14.

Plaintiff began working as a security guard for Allied Universal in 2017 and was assigned to Lowe's in Adairsville, Georgia.

15.

In or around January 2020, Metro One took over the security contract for Plaintiff's employment location.

16.

Metro One hired Plaintiff to continue working as a security guard at the same work location earning $13.50 per hour.

17.

In May 2020, Plaintiff provided a doctor's note requesting a light duty

accommodation due to a diabetic condition in his foot.

18.

Metro One did not accommodate Plaintiff nor discuss his request.

19.

As Plaintiff could not afford to stop working, he continued to work despite the condition.

20.

In July 2020, Plaintiff again visited his doctor, who this time required him to stay off his feet completely for a month and stop working for that period.

21.

After Mr. Emerson provided the second doctor's note to the company, he stayed home for about a month.

22.

During the medically required time off, he was terminated, but not informed about the termination.

23.

When Plaintiff contacted his supervisor to let him know that he was cleared to return in August 2020, he was informed that he had been replaced and to re-apply for a new position.

24.

Sometime in September 2020, Plaintiff received a voice mail from someone purporting to be from Metro One letting him know that he could come back to work.

25.

There was no written offer of reinstatement nor was there any indication that this was an unconditional offer of reinstatement.

## CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILTIIES AMENDMENTS ACT

26.

Plaintiff incorporates in Count I his allegations in paragraphs 1 through 25 above.

27.

Plaintiff is a qualified individual, as defined in Section 101(8) of the ADA, who is suffering from a disability, as defined in Section 3 of the ADA.

28.

Defendant discriminated against Plaintiff on the basis of his disability by failing to follow an interactive process with regard to Plaintiff's request for reasonable accommodations due to his medical condition.

29.

Defendant's above-described actions violated Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.*, as amended by the Americans with Disabilities Amendments Act of 2008.

## COUNT II: RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

30.

Plaintiff incorporates in Count II his allegations in paragraphs 1 through 25 above.

31.

Defendants retaliated against Plaintiff on the basis of his disability by terminating his employment shortly after he requested an accommodation under the ADAAA.

32.

Defendants' reason for terminating Plaintiff was patently false and therefore, a pretext for discrimination and retaliation under the ADAAA.

33.

Defendants' above-described actions violated Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.*, as amended by the Americans with Disabilities Amendments Act of 2008.

## COUNT III: INTERFERENCE WITH PLAINTIFF'S RIGHTS IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

34.

Plaintiff incorporates in Count III his allegations in paragraphs 1 through 25 above.

35.

Under the FMLA, an eligible employee is entitled to a total of twelve weeks of leave during a twelve-month period because of a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

36.

In addition to substantive FMLA rights, 29 C.F.R. § 825.220(c) states that employers are prohibited from discriminating or retaliating against employees who have exercised FMLA leave and that "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions."

37.

Under the FMLA, successor-in-interest coverage is specifically defined as follows under 29 CFR § 825.107:

(a) For purposes of FMLA, in determining whether an employer is covered because it is a "successor in interest" to a covered employer,

the factors used under Title VII of the Civil Rights Act and the Vietnam Era Veterans' Adjustment Act will be considered. However, unlike Title VII, whether the successor has notice of the employee's claim is not a consideration. Notice may be relevant, however, in determining successor liability for violations of the predecessor. The factors to be considered include:

(1) Substantial continuity of the same business operations;

(2) Use of the same plant;

(3) Continuity of the work force;

(4) Similarity of jobs and working conditions;

(5) Similarity of supervisory personnel;

(6) Similarity in machinery, equipment, and production methods;

(7) Similarity of products or services; and

(8) The ability of the predecessor to provide relief.

(b) A determination of whether or not a successor in interest exists is not determined by the application of any single criterion, but rather the entire circumstances are to be viewed in their totality.

(c) When an employer is a successor in interest, employees' entitlements are the same as if the employment by the predecessor and successor were continuous employment by a single employer. For

example, the successor, whether or not it meets FMLA coverage criteria, must grant leave for eligible employees who had provided appropriate notice to the predecessor, or continue leave begun while employed by the predecessor, including maintenance of group health benefits during the leave and job restoration at the conclusion of the leave. A successor which meets FMLA's coverage criteria must count periods of employment and hours of service with the predecessor for purposes of determining employee eligibility for FMLA leave.

38.

Defendant was a successor-in-interest under the FMLA because Plaintiff's position was a substantial continuity of the same business operations (security guard at Lowe's, used the same plant (the Lowe's location), and involved similar working conditions and job responsibilities.

39.

Defendant interfered with and denied Plaintiff the exercise of his rights under the FMLA as alleged above by terminating him prior to the expiration of said leave.

40.

Defendant's above-described actions violated Plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1).

41.

As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff suffered and continues to suffer damages.

42.

Defendant, therefore, is liable for the damages proximately resulting from its violations of the FMLA.

### COUNT IV: RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

43.

Plaintiff incorporates in Count IV his allegations in paragraphs 1 through 25 above.

44.

Defendant retaliated against Plaintiff by terminating his employment after he requested FMLA-protected leave.

45.

Defendant's above-described actions violated Plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. § 2615(a)(2).

46.

As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff suffered and continues to suffer damages.

47.

Defendant, therefore, is liable for the damages proximately resulting from its violations of the FMLA.

48.

WHEREFORE, Plaintiff demands judgment as follows:

(a) That this Court declare and adjudge Defendant Metro One to have engaged in unlawful employment practices in violation of the ADA;

(b) That this Court declare and adjudge Defendant Metro One to have engaged in unlawful employment practices in violation of the FMLA;

(c) That Plaintiff be awarded damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations as set forth above, including back pay and front pay;

(d) That Plaintiff be awarded liquidated damages as appropriate under the FMLA and interest thereon calculated at the prevailing rate;

(e) That Plaintiff be awarded compensatory damages and have judgment against Defendant Metro One on all Counts, in an amount to be specifically determined at trial;

(f) That Plaintiff be awarded general and/or punitive damages against Defendant Metro One on all Counts, in an amount to be specifically

determined at trial;

(g) That Plaintiff recover his reasonable attorneys' fees and costs from Defendant Metro One incurred in bringing this action;

(h) That Plaintiff be granted a trial by jury as to all triable issues of fact; and

(i) For all other such relief as is deemed just and proper.

Respectfully submitted, this 24th day of September, 2021.

          **THE SHARMAN LAW FIRM LLC**

          <u>/s/ *Paul J. Sharman*</u>
          PAUL J. SHARMAN
          Georgia State Bar No. 227207

          The Sharman Law Firm LLC
          11175 Cicero Drive, Suite 100
          Alpharetta, GA 30022
          Phone: (678) 242-5297
          Fax: (678) 802-2129
          Email: paul@sharman-law.com

          Counsel for Plaintiff